IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KURTIS BEAUDETTE                                                                                      PLAINTIFF
ADC #653073

v.                                              4:21-cv-00445-JM-JJV

POPE COUNTY DETENTION CENTER; and
DOES, Medical Team, Administration, Officers                                               DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Kurtis Beaudette ("Plaintiff") is a pretrial detainee in the Pope County Detention Center. He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging he has not received constitutionally adequate medical care for unspecified back injuries, high blood pressure, a knot and abrasion on his head, and a possible concussion. (Doc. 2.) For the following reasons, I

1

recommend the Complaint be dismissed without prejudice for failing to state a plausible claim for relief.[1]

First, the only named Defendants are the Pope County Detention Center and Does, which Plaintiff identifies collectively as the "medical team/administration/officers." (Doc. 2 at 1.) Jails, such as the Pope County Detention Center, are not proper Defendants in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008) (unpublished opinion). And, in a § 1983 action, supervisors cannot be held vicariously liable for the constitutional violations committed by their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. It is impossible to determine from the Complaint who violated Plaintiff's constitutional rights and how he or she did so.[2]

Second, the Eighth Amendment requires state prison officials to provide pretrial detainees

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

[2] In my June 2, 2021 Order, I explained to Plaintiff that, even if he did not know the Defendants' names, he must provide specific information about their personal involvement in the alleged denial of medical care. (Doc. 3.) I suggested to Plaintiff that he file an Amended Complaint clarifying how "Jane Doe Nurse #1," etc. failed to provide him with constitutionally adequate medical care in a specific way. (*Id.*) Plaintiff did not file an Amended Complaint attempting to cure his pleading deficiencies.

2

with constitutionally adequate medical care. *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2018); *Barton v. Taber*, 908 F.3d 1119, 1123–24 (8th Cir. 2018). But, the bar for properly pleading a plausible inadequate medical care claim is high. Specifically, the Complaint must contain facts suggesting: (1) the plaintiff had an objectively serious need for medical care; and (2) each Defendant subjectively knew of, but deliberately disregarded, that serious medical need. (*Id.*) As to the second requirement, deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. (*Id.*) It "requires proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998). Plaintiff's inadequate medical care claims (even if he had named a proper Defendant) either do not rise to the level of a constitutional violation or are too vague to make that determination.

Specifically, Plaintiff says unspecified Defendants violated his constitutional rights by making him pay for his medical care. But it is "not a federal constitutional violation" to require "inmates to pay for their own medications if they can afford to do so." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). Plaintiff does not say he was denied medical care due to an inability to pay.

Plaintiff also says that on or about March 29, 2020, he was "refused urgent care for a spine injury [that] occurred in here." (Doc. 2 at 4.) Plaintiff claims, two weeks later, he was "taken to the emergency room" and "referred to MRI," but he has not yet received that test. (*Id.*) Plaintiff has not clarified if the local hospital or county officials are responsible for scheduling the MRI or how he has been harmed by the delay in receiving that test. *See Olson v. Bloomberg*, 339 F.3d 730, 738 (8th Cir. 2003) (explaining a delay in obtaining medical treatment must be intentional);

3

*Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate the delay in obtaining medical treatment adversely affected the prognosis or that defendants ignored an acute an escalating situation).

Plaintiff alleges that on or about April 22, 2020, he developed high blood pressure. For the next seventy-two hours his blood pressure was checked "on several occasions." (*Id.*) According to Plaintiff, he received a "double dose" of clonidine, on April 30, 2020, to lower his blood pressure, but the medication caused him to pass out when he stood up. (*Id.*) These facts suggest county officials are providing Plaintiff with treatment for high blood pressure. *See Fourte v. Faulkner Cnty.*, 746 F.3d 384, 390 (8th Cir. 2014) (finding that no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner"); *Logan v. Clarke,* 119 F.3d 647, 649-50 (8th Cir. 1997) (finding that prison doctors were not deliberately indifferent when they treated the prisoner on "numerous occasions" and "made efforts to cure the problem in a reasonable and sensible manner.)  Plaintiff's disagreement with the course of provided medical care does not rise to the level of a constitutional violation. *Langford v. Norris*; 614 F.3d 445, 460 (8th Cir. 2010); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Plaintiff says when he passed out from low blood pressure, he fell causing a knot and an abrasion on his forehead, and a possible concussion. Plaintiff claims he has not received any medical care for these injuries. As previously mentioned, the Eighth Amendment requires prison officials to provide medical care for objectively serious medical needs. Plaintiff has not provided any facts explaining how the knot and abrasion on his head constituted an objectively serious medical need or explained the symptoms he endured that caused him to believe he had a concussion requiring medical treatment. *See Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (a medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it

is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention"). Similarly, he has not explained how he has been harmed by the lack of care for these alleged head injuries. *See Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (no Eighth Amendment violation if a prisoner is not actually harmed by the failure to receive medical care).

Similarly, Plaintiff says he has not received "accommodations" for unspecified back injuries he sustained both prior to and during his confinement. But, he has not explained the extent of his back injuries, the accommodations he needs, or how he has been harmed by not having accommodations. *See Iqbal,* 556 U.S. at 678 ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim).

Finally, Plaintiff says that on May 18, 2021, an officer broke a key while uncuffing his hands and accidentally scratched him while trying to remove the cuffs. At most, this suggests negligence which is insufficient to plead a plausible § 1983 claim. *Langford*, 614 F.3d at 460.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint curing them, and advised him I would recommend dismissal if he failed to do so. (Doc. 3.) Plaintiff has not filed an Amended Complaint, and the time to do so has expired.

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would

not be taken in good faith.

DATED this 8th day of July 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE